Brendan Judge, Esq.
Hector D. Ruiz, Esq.
CONNELL FOLEY LLP
The Atrium, Suite E
309 Morris Avenue
Spring Lake, NJ 07762
732-449-1440

*Attorneys for Plaintiff*
Olson Restoration LLC
d/b/a SERVPRO of Greater Boulder

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLSON RESTORATION LLC, a Colorado Limited Liability Corporation, d/b/a/ SERVPRO OF GREATER BOULDER,<br><br>Plaintiff,<br><br>v.<br><br>NORTH JERSEY COMMUNITY COORDINATED CHILD CARE AGENCY, INC. d/b/a BARNEY'S EDUCATION CENTER, a New Jersey Corporation,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>*Filed Electronically* |

Plaintiff, Olson Restoration LLC d/b/a SERVPRO® Of Greater Boulder (hereinafter "SERVPRO"), for its Complaint against Defendant, North Jersey Community Coordinated Child Care Agency, Inc. d/b/a Barney's Education Center (hereinafter "Barney's"), by its undersigned attorneys, alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of contract and related causes of action arising out of Barney's failure to pay for flood mitigation and remediation services that SERVPRO provided to Barney's at its daycare facility located at 101 Oliver Street, Paterson, New Jersey 07501, after such facility was heavily damaged by flooding caused by Hurricane Irene.

## THE PARTIES

2. SERVPRO is a limited liability corporation organized under the laws of Colorado with its principal place of business located at 697 S. Pierce Avenue, Louisville, Colorado 80027.

3. Upon information and belief, Defendant, Barney's, is a corporation organized under the laws of New Jersey with its principal place of business located at 101 Oliver Street, Paterson, New Jersey 07501.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court as the United States District Court has original jurisdiction under Title 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. This Court has personal jurisdiction over Barney's because Barney's is a New Jersey corporation, and because Barney's has entered into contracts in the State of New Jersey, including but not limited to a contract with SERVPRO for SERVPRO to provide mitigation and remediation services in connection with hurricane damages at Barney's facility in Paterson, New Jersey.

6. Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. § 1391(a) because jurisdiction in this action is founded solely on diversity of citizenship and a substantial part of the events giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

**A.  Background**

7. Barney's offers childcare services and operates a preschool education program for students from birth through the preschool level at its Education Center located at 101 Oliver Street, Patterson, New Jersey (the "Education Center"). Upon information and belief, Barney's contracts with the Paterson, New Jersey, School District to implement the preschool educational program.

8. In late-August 2011, Hurricane Irene inflicted significant flood damage to the Education Center.

9. Thereafter, Barney's contacted SERVPRO to provide flood mitigation, cleaning and restoration services at the Education Center. Remediation was a prerequisite to any reconstruction work to be performed at the Education Center.

10. On or about September 14, 2011, Barney's entered into a contract with SERVPRO for flood mitigation, cleaning and restoration services at the Education Center (the "Remediation Project").

11. Prior to commencement of the Remediation Project, SERVPRO provided Barney's with a form Authorization to Perform Services and Direction of Payment, which, upon execution by Barney's, authorized SERVPRO to commence the Remediation Project at the Education Center.

12. Barney's executed the Authorization to Perform Services and Direction of Payment on September 14, 2011, prior to commencement of the Remediation Project.

13. A true copy of the Authorization To Perform Services and Direction Of Payment is attached hereto as Exhibit A.

14. SERVPRO also provided Barney's with a Disaster Recovery Services Time & Materials Rate Schedule 2011 (the "Rate Schedule"), containing SERVPRO's hourly rates and prices for 135 specific items involved in the Remediation Project.

15. Barney's executed the Rate Schedule on September 14, 2011, prior to commencement of the Remediation Project.

16. A true copy of the executed Rate Schedule (on which the confidential rates, prices and mark-ups have been redacted) is attached hereto as Exhibit B.

17. Additionally, an independent environmental engineering firm, headquartered in Englewood, New Jersey, Detail Associates, Inc. ("DAI") provided a "Remediation Project Protocol—Water Intrusion" dated September 2011 setting forth the means and methods to remove the water damaged surfaces and contents from the Education Center in a safe and effective manner (the "Remediation Project Protocol").

18. A true copy of the Remediation Project Protocol is attached hereto as Exhibit C.

**B.  The Project**

19. Beginning on September 15, 2011 and continuing until October 20, 2011, SERVPRO performed the Remediation Project at the Education Center.

20. The Remediation Project required the remediation of approximately 20,000 square feet of flooring, 22,000 square feet of interior walls, and 20,000 square feet of ceiling perimeter.

21. The Remediation Project also required extensive mold remediation following the "Remediation Project Protocol" that DAI prepared. Every surface on the main level and in the basement of the Education Center had to be thoroughly vacuumed, cleaned and disinfected in order to pass testing to allow the Center to be re-occupied by the students, faculty and staff.

22. And given the nature of this disaster, the Remediation Project also required, among other things, testing and analysis, duct cleaning of affected areas, dumpster and debris hauling, portable toilets and site security.

23. On or about September 19, 2011, (after SERVPRO had already commended its work on the Remediation Project, but before it had completed such work), Barney's advised SERVPRO that Barney's purported insurance coverage limitations in connection with Remediation Project at the Education Center was $500,000 for structural coverage and $250,000 for contents coverage.

24. SERVPRO advised Barney's that SERVPRO's fees and costs for the Remediation Project would likely exceed the sum of $500,000.

25. Barney's requested SERVPRO to enter into a not-to-exceed agreement ("NTE"), which would have the effect of capping the fees and costs that could be charged by SERVPRO for the Remediation Project.

26. In response to that request, and in reliance on Barney's promise that it would pay the costs of the Remediation Project up to an agreed upon amount, on

2683391-01

September 21, 2011, SERVPRO's Project Manager, confirmed via e-mail to Barney's John Worgul, that (with the exception of any HVAC cleaning) SERVPRO would perform the required work for a price NTE $506,620.11 ("SERVPRO's NTE Breakdown").

27. A true copy of SERVPRO's NTE Breakdown is attached hereto as Exhibit D.

28. That price did not include HVAC cleaning because DAI had yet to determine whether such cleaning would be necessary.

29. Ultimately, once DAI concluded that HVAC cleaning would be required, in response to Barney's request for a NTE price, and in reliance on Barney's promise that it would pay SERVPRO all of its fees and expenses up to the agreed-upon NTE amount, SERVPRO agreed to cap its fees for the required structural work at $390,974.60 and to cap its fees for the work related to contents removal/site stabilization at $115,645.50.

30. Thus, the parties agreed that SERVPRO would perform all the necessary work on the Remediation Project for a cost to Barney's not to exceed the sum of $515,501.10, and that Barney's would pay such costs (the "NTE Agreement").

31. SERVPRO performed all work on the Remediation Project at the Education Center in the accordance accepted industry standards, namely the Clean Trust (formerly IICRC) S500 standards on water damage restoration. SERVPRO's Remediation Project also satisfied the Remediation Project Protocol established by third-party consultant DAI.

32. On October 18, 2011, DAI issued SERVPRO a report addressing airborne spore testing that DAI had conducted at the Education Center (the "October 18th DAI Report").

2683391-01

33. In the October 18th DAI Report, DAI reported that its October 17, 2011 test "confirmed that all areas are clean and the remediation work was successfully completed. The building can be opened for re-construction activities."

34. A true copy of the October 18th DAI Report is attached hereto as Exhibit E.

35. SERVPRO provided a copy of the October 18th DAI Report to Barney's.

36. SERVPRO also provided Barney's with a billing packet, including documentation of all labor, consumables, equipment and costs incurred in the Project. The packet included, *inter alia*, over 250 pages of daily notes memorializing the work completed by each team member on the Project, equipment validation forms and daily monitoring reports proving readings relating to structural components and moisture content.

37. Barney's approved and accepted all of SERVPRO's work and materials on the Remediation Project.

38. Upon SERVPRO's completion of the Remediation Project, Barney's CEO, Thomas E. Zsiga, executed a Certificate of Satisfaction: Job Completion on October 20, 2011 (the "Certificate of Satisfaction").

39. In executing the Certificate of Satisfaction, Mr. Zsiga acknowledged on behalf of Barney's that SERVPRO had performed the Remediation Project to Barney's satisfaction.

40. Mr. Zsiga gave SERVPRO the highest marks possible on the questionnaire contained within the Certificate of Satisfaction.

2683391-01

41. A true copy of the Certificate of Satisfaction is attached hereto as Exhibit F.

42. SERVPRO incurred significant costs in completing the Remediation Project, including equipment costs, consumable goods and labor.

43. The total value of the work and materials that SERVPRO provided to Barney's through the Remediation Project at the Education Center was $839,672.18.

44. Nonetheless, SERVPRO honored the NTE Agreement by invoicing Barney's only $515,501.10—the NTE amount.

45. All expenses relating to the Remediation Project have been paid by SERVPRO.

46. To date, Barney's has failed and refused to pay any amount for the Remediation Project in excess of $150,000.00, and has sought to make its payment of such amount contingent upon SERVPRO waiving its right to seek payment in full.

## CLAIMS FOR RELIEF
## COUNT I

**(Breach of Contract)**

47. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

48. SERVPRO and Barney's entered into a contract, whereby SERVPRO was to perform the Remediation Project for Barney's at its Education Center in exchange for payment for the value of work, services and materials provided.

49. SERVPRO has fulfilled its obligations under the SERVPRO-Barney's contract to perform the Remediation Project to Barney's satisfaction.

50. Notwithstanding SERVPRO's completion of the Remediation Project, Barney's has wrongfully withheld payment to SERVPRO for the full amount it agreed to pay SERVPRO for the services performed.

51. Through Barney's conduct alleged herein, Barney's has materially breached the contract.

52. As a direct and proximate cause of Barney's breach of contract, SERVPRO has sustained and continues to sustain damages.

## COUNT II
### (*Quantum Meruit*)

53. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

54. Barney's, through its actions, has acknowledged the enforceability of the contract between the parties.

55. Barney's has received the value of SERVPRO's performance of the Remediation Project pursuant to the contract and has unreasonably and without justification withheld from SERVPRO the value of and compensation for the benefit of the Remediation Project.

56. The full value of the work, services and material that SERVPRO provided to Barney's was $839,672.18.

57. SERVPRO has not been compensated for the value or benefit of the Remediation Project it provided to Barney's at the Education Center.

58. SERVPRO is entitled to the *quantum meruit* value of the work, services, and material it provided and supplied in connection with the Remediation Project at the Education Center.

## COUNT III
### (Breach of Covenant of Good Faith and Fair Dealing)

59. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

60. Every contract in New Jersey contains an implied covenant of good faith and fair dealing.

61. The implied covenant of good faith and fair dealing prevents the parties to a contract from doing anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

62. Barney's breached the subject covenant of good faith and fair dealing by several actions and omissions, including, but not limited to, failing and/or refusing to compensate SERVPRO for the cleaning and remediation services it provided to Barney's.

63. As a result of Barney's breach of the covenant of good faith and fair dealing, SERVPRO has suffered substantial damages.

## COUNT IV
### (Unjust Enrichment)

64. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

65. SERVPRO performed work and services and supplied materials pursuant to the contract with Barney's to the benefit and enjoyment of Barney's.

66. Barney's has received the value of SERVPRO's performance of work and services and provision of materials pursuant to the contract with Barney's.

67. Barney's retention of the benefit of the work, services, and material provided and supplied by SERVPRO, without fair compensation to SERVPRO, is unjust.

68. Barney's has been unjustly enriched in retaining and receiving Remediation Project without paying SERVPRO the value of the services provided.

69. As a direct and proximate cause of the foregoing acts, Barney's has been enriched at SERVPRO's expense, and SERVPRO has sustained damages.

## PRAYER FOR RELIEF

WHEREFORE, SERVPRO respectfully requests and demands the entry of an Order entered in its favor and against Barney's, granting the following relief:

A. An award of damages;

B. An award of reasonable attorneys' fees and costs of suit pursuant to the contract between the parties;

C. An award of interest, and;

D. An award of such other or additional relief as this Court deems just, equitable and proper.

Respectfully submitted,

**CONNELL FOLEY LLP**
Attorneys For Plaintiff
Olson Restoration LLC
d/b/a SERVPRO Of Greater Boulder

Dated: May 4, 2012          By: */s/ Brendan Judge*
                                              Brendan Judge

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or

2683391-01

administrative proceeding.

Dated: May 4, 2012                                  */s/ Brendan Judge*
                                                                         Brendan Judge

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the monetary relief sought by plaintiff is in excess of $150,000.00 exclusive of interest and costs.

Dated: May 4, 2012                                  */s/ Brendan Judge*
                                                                         Brendan Judge

2683391-01